**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **YAMICELA GONZALEZ-SANCHEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2485-D** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Yamicela Gonzalez-Sanchez, a noncitizen[1] and Cuban national proceeding pro se, filed a Petition for Writ of Habeas Corpus, Doc. 1, and a Declaration, Doc. 6 (together "Amended Petition"), challenging under 28 U.S.C. § 2241 her detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set a briefing schedule, Doc. 7, and the Amended Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court deny the Amended Petition.

## I. Background

Petitioner, a citizen of Cuba, entered the United States without inspection at or near Eagle Pass, Texas, on or about April 18, 2022. Doc. 1-6 (Notice to Appear). In June 2023, she filed an Application to Register Permanent Residence or Adjust Status. Doc. 1-7. On

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

July 22, 2026, ICE took custody of Petitioner when she appeared for a scheduled ICE appointment. Doc. 1 at 3. ICE also initiated removal proceedings against her. *See* EOIR, Automated Case Information, at https://acis.eoir.justice.gov/en/ (last accessed Nov. 12, 2026).

Respondents acknowledge Tenth Circuit precedent, *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), means Petitioner is detained pursuant to 8 U.S.C. § 1226. Resp. at 1. On October 22, 2026, Petitioner received a bond hearing before an Immigration Judge ("IJ"). Doc. 12 at 1; Doc. 12-1 (IJ Order). At the bond hearing, the IJ ordered that Petitioner be "released from custody under bond of $35,000.00" and "[a]ny conditions" the Department of Homeland Security ("DHS") "deems appropriate." Doc. 12-1 at 1. No evidence in the record indicates Petitioner has posted bond for release.

When Petitioner filed her Amended Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Doc. 1 at 3. She remains detained there. *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last accessed Nov. 12, 2026).

## II. <u>**Petitioner's Claims**</u>

Liberally construed, Petitioner alleges Respondents violated her Fifth Amendment rights to substantive and procedural due process with her prolonged detention in ICE custody. Doc. 1 at 4-6. She requests "release[] under reasonable supervision conditions" or a "constitutionally adequate bond hearing" where the Government bears the burden to justify continued detention. *Id*. at 6.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. It is undisputed Section 1226(a) applies to Petitioner's detention.

The two sections of the Immigration and Nationality Act ("INA") that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1226(a) generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Respondents acknowledge Petitioner is entitled to a bond hearing. Resp. at 1-2.

The Tenth Circuit recently confirmed § 1226(a) applies to govern detention of noncitizens like Petitioner. *Santillan Quiroz*, 180 F.4th at 1235-49 . The Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a)

(and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Based on Tenth Circuit precedent and Respondents' acknowledgment of its application, the Court should apply § 1226(a) to govern Petitioner's current detention. *See Zhong v. Gantt*, No. CIV-26-1324-D, 2026 WL 2113998, at *2 (W.D. Okla. July 22, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a))

**B. The most Petitioner is entitled to is a bond hearing, and such a hearing already occurred.**

Petitioner seeks release or a prompt bond hearing where the Government bears the burden to justify continued detention. Doc. 1 at 6. Consistent with this Court's recent approach, the undersigned would typically recommend Petitioner be afforded a constitutionally sufficient, individualized bond hearing under § 1226(a). As stated by another Judge in this District, "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) (citation modified). As such, "an individualized custody redetermination hearing would provide Petitioner with the process [s]he is due under the statute." *Id.* (citation modified). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("declin[ing] to place the burden on the government to justify Petitioner's detention pending removal proceedings").

Petitioner, though, recently received a bond hearing. On October 22, 2026, "after full consideration of the evidence presented," the IJ ordered that Petitioner be "released from custody under bond of $35,000.00" and "any conditions DHS deems appropriate." Doc. 12-1 at 1 (citation modified). Petitioner remains in ICE custody, so she has presumably not posted the bond. *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last accessed Nov. 12, 2026). Because Petitioner has already received the procedures provided by § 1226(a)—an individualized bond hearing by an IJ, she is not entitled to additional relief, and the Court should deny her Amended Petition.[2]

**C. The Court should deny Petitioner's due process claim.**

Petitioner argues her continued detention without a bond hearing violates her rights to due process. Doc. 1 at 4-6. If the Court adopts the undersigned's recommendation that Petitioner is not entitled to any additional relief under the INA, the Court should deny her claim alleging a violation of due process rights because, at most, she would only be entitled to relief in the form of a bond hearing—that she has already received. *See, e.g.*, *Karimov*

[2] Petitioner has not challenged the IJ's discretionary determination of bond; nor could she. The determination of bond under § 1226(a) is within the purview of the IJ, who considers whether a noncitizen is a flight risk or a danger to the community under 8 C.F.R. § 236.1(c). And 8 U.S.C. § 1226(e) "strips federal courts of jurisdiction to hear challenges to an IJ's discretionary decision to keep a noncitizen in detention." *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (citing § 1226(e) and noting "the Attorney General's exercise of discretion is not subject to judicial review"). "Thus, a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026).

*v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("Because § 1226(a) governs Petitioner's detention, Petitioner is entitled to the custody procedures provided by that statute. . . . An individualized custody redetermination hearing [will] provide Petitioner with the process he is due under the statute.").

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** without prejudice the Amended Petition, Docs. 1, 6, for habeas relief. The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **November 30, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **December 7, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 12th day of November, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE